UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

DARRYL D. MCGHEE,
Escambia County Jail Inmate #1600750861,
    Plaintiff,

vs.                                            Case No.:  3:21cv915/TKW/EMT

CALIFORNIA DEP'T OF CORR.
and FLORIDA DEP'T OF CORR.,
    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Darryl D. McGhee (McGhee), an inmate of the Escambia County Jail proceeding pro se and in forma pauperis, commenced this case on July 16, 2021, by filing a civil rights complaint under 42 U.S.C. § 1983 (ECF No. 1). The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(C); *see also* 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b). Upon review of McGhee's Complaint, the court concludes this case should be dismissed as malicious for his abuse of the judicial process, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1).

An action is malicious when a prisoner misrepresents his prior litigation history on a complaint form requiring disclosure of such history and signs the

complaint under penalty of perjury, as such a complaint is an abuse of the judicial process. *See Rivera v. Allin*, 144 F.3d 719, 731 (11th Cir. 1998) (affirming counting as a strike under § 1915(g) an action that was dismissed for an abuse of the legal process because the inmate lied under penalty of perjury about a prior lawsuit), *abrogated in part on other grounds by Jones v. Bock*, 549 U.S. 199 (2007); *see also, e.g.*, *Burrell v. Warden*, No. 20-14304, 2021 WL 3745331, at *2 (11th Cir. Aug. 25, 2021) (Mem) (district court did not abuse its discretion by dismissing prisoner's complaint without prejudice as malicious where prisoner failed to identify two non-habeas federal actions he had filed related to his imprisonment); *Sears v. Haas*, 509 F. App'x 935, 935–36 (11th Cir. 2013) (unpublished) (dismissal of action without prejudice as malicious for abuse of judicial process warranted where prisoner failed to disclose case he filed against prison officials just five months earlier and failed to disclose another case he filed six years earlier that had been dismissed prior to service for failure to state a claim); *Jackson v. Fla. Dep't of Corr.*, 491 F. App'x 129, 132–33 (11th Cir. 2012) (unpublished) (dismissal of action without prejudice as malicious for prisoner plaintiff's abuse of judicial process warranted where plaintiff failed to disclose existence of one prior case and disclosed existence of another prior case but failed to disclose it was dismissed as frivolous, malicious,

failing to state a claim, or prior to service); *Redmon v. Lake Cnty. Sheriff's Office*, 414 F. App'x 221, 226 (11th Cir. 2011) (unpublished) (prisoner's failure to disclose previous lawsuit filed in district court while a prisoner constituted abuse of judicial process warranting sanction of dismissal of his pro se § 1983 action because prisoner's misrepresentation was not excused by explanation that he misunderstood the complaint form on which he represented, under penalty of perjury, that he had not filed any prior lawsuits with similar facts or otherwise relating to his imprisonment or conditions of confinement); *Shelton v. Rohrs*, 406 F. App'x 340, 340–41 (11th Cir. 2010) (unpublished) (affirming dismissal of action without prejudice for prisoner plaintiff's abuse of judicial process where plaintiff failed to disclose four previous civil actions; even if prisoner did not have access to his legal materials, he would have known that he had filed multiple previous lawsuits); *Young v. Sec'y for Dep't of Corr.*, 380 F. App'x 939, 940–41 (11th Cir. 2010) (unpublished) (district court did not abuse its discretion when it sanctioned Florida prisoner proceeding in forma pauperis by dismissing his civil rights lawsuit *sua sponte* for not disclosing all information known to him regarding prior cases, even though prisoner could not afford to pay copying and certification costs charged by Florida state courts and no longer had documents necessary to answer fully due to FDOC

rule prohibiting possession of "excess legal material"); *Hood v. Tompkins*, 197 F. App'x 818, 819 (11th Cir. 2006) (unpublished) (dismissal of pro se state inmate's § 1983 action as sanction for providing false answers to unambiguous questions on complaint form regarding prior lawsuits not an abuse of discretion, even though inmate conceded in objections to magistrate judge's report and recommendation that his disclosures were incomplete; to allow inmate to continue with suit would have served to overlook his abuse of judicial process).

In general, a dismissal without prejudice does not amount to an abuse of discretion. *See Dynes v. Army Air Force Exch. Serv.*, 720 F.2d 1495, 1499 (11th Cir. 1983) (holding that dismissal without prejudice, even for a minor violation of a court order, was not an abuse of discretion). Such a dismissal should be allowed absent some plain prejudice other than the mere prospect of a second lawsuit. *See Kotzen v. Levine*, 678 F.2d 140 (11th Cir. 1982).

Having conducted a thorough review, the court is satisfied that this action is malicious and thus recommends dismissal under 28 U.S.C. §§ 1915(e)(2)(B)(i), 1915A(b)(1). Section VIII of the complaint form required McGhee to disclose information regarding prior civil cases filed in state and federal court (ECF No. 1 at

7–9).[1]  Question A of that Section asked, "To the best of your knowledge, have you had any case dismissed for a reason listed in § 1915(g) which counts as a 'strike'?" (*id.* at 7).  McGhee responded "No" (*id.*).

Question B of Section VIII asked whether McGhee filed other lawsuits in either state or federal court dealing with the same facts or issue involved in the instant case (*see* ECF No. 1 at 7).  The next question, Question C, asked whether McGhee filed any other lawsuit in federal court either challenging his conviction or otherwise relating to the conditions of his confinement (*id.* at 8).  McGhee responded "Yes" to both of these questions and identified three federal cases he filed in federal courts in California:  (1) *McGhee v. San Bernadino County*, (2) *McGhee v. Jeffery Beard*, and (3) *McGhee v. Scott Kernan* (*id.* at 7–8).

At the end of the civil rights complaint form, McGhee signed his name after the following certification:  "I declare under penalty of perjury that the foregoing (including all continuation pages) is true and correct." (ECF No. 1 at 9–10).  McGhee thus stated, in effect, that prior to July 16, 2021, he had not filed any other lawsuit in federal court relating to the conditions of his confinement.

---

[1] The court refers to the page numbers automatically assigned by the court's electronic filing system, rather than the page numbers of the original document.

Case No.:  3:21cv915/TKW/EMT

As routinely recognized by this court, the information from the "Prior Litigation" section of the complaint form is useful to the court in many ways:

> . . . it allows efficient consideration of whether the prisoner is entitled to pursue the current action under the "three strikes" provision of the Prison Litigation Reform Act; it allows consideration of whether the action is related to, or otherwise should be considered in conjunction with or by the same judge who presided over, another action; it allows consideration of whether any ruling in the other action affects the prisoner's current case. All of these things are appropriately considered in connection with the preliminary review of such a complaint under the Prison Litigation Reform Act.

*Spires v. Taylor*, Case No. 3:00cv249/RH (N.D. Fla. Oct. 27, 2000) (Order of Dismissal). Further, because prisoner plaintiffs generally proceed pro se, the information helps the court determine their litigation experience and familiarity with the legal terrain of the current action. The time spent verifying the cases a plaintiff has filed but failed to identify, as well as the dispositions of those cases, can be considerable.

The court takes judicial notice of its own electronic docket.[2] According to the docket, McGhee commenced *McGhee v. Escambia County,* 3:21cv76/LAC/HTC, in

---

[2] Federal Rule of Evidence 201 permits a court to "judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). McGhee is hereby advised that if he disputes the accuracy of the facts taken from the court's docket, or if he otherwise wishes to be heard on the propriety of the court's taking judicial notice of those facts, he must do so in an

Page 7 of 10

January 2021, by filing a civil rights complaint against Escambia County, complaining about conditions at the Escambia County Jail (where he was confined when he filed in the instant Complaint and is still confined), specifically, that inmates were not provided a healthy diet, adequate outdoor exercise, or clean clothing and bedding. *See id.*, Complaint, ECF No. 1 (N.D. Fla. Jan. 12, 2021).[3] The court dismissed Case No. 3:21cv76/LAC/HTC case on February 18, 2021, because "Plaintiff is a three-striker under 28 U.S.C. § 1915(g), failed to truthfully disclose his litigation history, and has failed to pay the filing fee." *See id.*, Order, ECF No. 4 (N.D. Fla. Feb. 18, 2021).[4]

---

objection to this Report and Recommendation. *See Paez v. Sec'y, Fla. Dep't of Corr.*, 947 F.3d 649, 651–53 (11th Cir. 2020) (district court properly took judicial notice where petitioner had opportunity to object to report and recommendation after magistrate judge took judicial notice of dates from petitioner's state court dockets, but petitioner did not ask to be heard, dispute accuracy of judicially noticed facts, or indicate he lacked the ability to dispute state court dockets).

[3] In the complaint in Case No. 3:21cv76/LAC/HTC, as with the complaint in this case, McGhee identified *McGhee v. San Bernadino County* as a case he previously filed. *See id.*, Complaint, ECF No. 1 (N.D. Fla. Jan. 12, 2021). Additionally, McGhee identified himself with an inmate number "AL5083" in both complaints. So Plaintiff Darryl D. McGhee is the same Darryl Dwayne McGhee who filed Case No. 3:21cv76/LAC/HTC.

[4] On March 17, 2021, the copy of the dismissal order mailed to McGhee at the Escambia County Jail was returned undeliverable. *See McGhee*, Case No. 3:21cv76/LAC/EMT, Mail Returned, ECF No. 10) (N.D. Fla. Mar. 17, 2021). However, on that same day, the clerk of court re-mailed the dismissal order to another address provided by McGhee, and that copy was not returned. *See id,*, Notice of Change of Address, ECF No. 6 (N.D. Fla. Feb. 26, 2021); Mail Returned, ECF No. 10 (N.D. Fla. Mar. 17, 2021).

The court has authority to control and manage matters such as this case pending before it, and McGhee's pro se status does not excuse him from conforming to acceptable standards in approaching the court. If the court cannot rely on the statements or responses made by the parties, the quality of justice is threatened. The court will not tolerate false responses or statements in any pleading or motion filed before it. Here, McGhee falsely responded to Questions A and C on the complaint form, as detailed above. McGhee knew that disclosure of all prior action(s) was required, and that dismissal of the action may result from untruthful answers, as evidenced by the fact that Case No. 3:21cv76/LAC/HTC was dismissed for that very reason. If McGhee suffered no penalty for his untruthful responses, there would be little or no disincentive for his attempt to evade or undermine the purpose of the complaint form. Furthermore, if word spread around the prisons that the questions on the complaint form could be circumvented in such a manner, the court might be confronted with widespread abuse from its many prisoner litigants. Therefore, this court should not allow McGhee's false response to go unpunished.

The court recommends that an appropriate sanction for McGhee's abuse of the judicial process in not providing the court with true factual statements or

responses is to dismiss this cause **without prejudice**.[5, 6] *See Rivera*, 144 F.3d at 731 (dismissal of an action without prejudice as a sanction for a pro se prisoner's failure to disclose the existence of a prior lawsuit, where that prisoner was under penalty of perjury, is proper); *Spires*, Case No. 3:00cv249/RH, Order (N.D. Fla. Oct. 27, 2000) ("Dismissal without prejudice is not too severe a sanction under these circumstances."). Additionally, McGhee is warned that such false responses, filed herein or filed in the future, will not be ignored and may result in more severe and long-term sanctions. *See Warren v. Guelker*, 29 F.3d 1386, 1389 (9th Cir. 1994) (per curiam) (pro se, in forma pauperis prisoner's misrepresentation about previous lawsuits may violate Rule 11).

Accordingly, it respectfully **RECOMMENDED**:

1. That this case be **DISMISSED WITHOUT PREJUDICE** as malicious, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i), 1915A(b)(1).

---

[5] Providing McGhee an opportunity to amend his complaint to disclose the previous lawsuit which he failed to identify would equate to overlooking his abuse of the judicial process. *See Hood*, 197 F. App'x at 819. Amendment would not change the fact that McGhee failed to disclose all of the cases he was required to disclose, despite his knowledge that accurate disclosure of his litigation history on the complaint form was required.

[6] The dismissal of this case, of itself, will not preclude McGhee from asserting his claims in another lawsuit, since it appears that his claims were already time-barred when he filed this case, as McGhee acknowledged in his Complaint (*see* ECF No. 1 at 5).

Case No.: 3:21cv915/TKW/EMT

2. That the clerk of court be directed to enter judgment accordingly and close this case.

At Pensacola, Florida, this 27th day of August 2021.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

# NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**